E-FILED
Monday, 07 June, 2010 02:01:43 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| SUSETTE LYNNE BURNSIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-1075 |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## O P I N I O N and O R D E R

Before the Court are the Motion to Dismiss filed by Defendant (Doc. 6) and the Motion to Remand filed by Plaintiff (Doc. 8).  For the reasons set forth below, the Motion to Dismiss is TAKEN UNDER ADVISEMENT and the Motion to Remand is DENIED WITHOUT PREJUDICE.

### BACKGROUND

Plaintiff filed a Complaint on February 27, 2009 alleging that the Commissioner of Social Security erred in denying her social security and disability benefits (Doc. 1).  Unlike a typical case, Defendant has filed a Motion to Dismiss arguing that Plaintiff failed to timely file an action with this Court.  Specifically, Defendant argues that the Appeals Council denied Plaintiff relief on October 11, 2007, that the decision was the final appealable decision, that Plaintiff had 60 days from receipt of that notice to file this action, and that this action was filed more than a year late.  To support these statements, Defendant provides the declaration of Joan Devera, the Chief of Court Case Preparation and Review Branch 1 of the

Office of Appellate Operations, who states that she is responsible for processing civil actions filed pursuant to the Social Security Act in the State of Illinois. Ms. Devera avers that:

>  1.  The Administrative Law Judge issued a decision on January 25, 2007 denying Plaintiff benefits.
>
>  2.  Plaintiff requested a review of that decision and the Appeals Counsel mailed to Plaintiff its decision on October 11, 2007.
>
>  3.  Defendant is unaware of any request for an extension of time.

Defendant also has provided various pages of the administrative record that support Ms. Devera's statements.

In response, Plaintiff states that she was awarded Supplement Security Insurance benefits on a separate application on October 4, 2007. In light of this grant of benefits, Plaintiff authored an October 17, 2007 letter to the Appeals Council. In this letter, Plaintiff requested that the Appeals Council consider the subsequent grant of benefits in its "pending" review of the denied application. In another letter dated July 1, 2008, Plaintiff states that she received "the Appeals Council decision not to remand this case on or about October 15, 2007" and that she sent the October 17, 2007 letter seeking review "as she was approved on a second application." She further states that she was informed that there was no action pending before the Appeals Council, that there must be some "error on the part of the Appeals Council," and she requests "the right to appeal to Federal Court in this Matter." In a third letter to the Appeals Council, dated January 6, 2009, Plaintiff includes the July 1, 2008 letter and states that she "request[s] the right to appeal to

Federal Court if no action is taken." Plaintiff does not indicate that the Appeals Council responded to any of her letters.

Plaintiff also has filed a Motion to Remand in which she states that the ALJ issued an unfavorable decision in this case on January 25, 2007. However, six days later, Defendant found that Plaintiff was entitled to benefits. Thus, Plaintiff seeks remand so that the agency can consider the subsequent award of benefits.

## DISCUSSION

Title 42 U.S.C. § 405(g) provides that a person, after a final decision of the Commissioner, may commence a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." When an Appeals Council denies review, as in this case, the decision of the Administrative Law Judge becomes the final decision of the Agency. *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). The time limit imposed by the statute operates as a statute of limitations. *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989). A statute of limitations defense is an affirmative defense that may be raised in a motion to dismiss if the Complaint sets forth everything necessary to satisfy the defense. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). In this matter, Defendant presented evidence outside of the pleadings, namely the declaration of Ms. Devera. Plaintiff also has presented matters outside the pleadings, her letters to the Commissioner. The Complaint itself sets forth no dates that would satisfy this defense. Federal Rule of Civil Procedure 12(d) provides that if the Court considers matters outside of the pleading, the motion

3

must be converted into a Motion for Summary Judgment and the parties must be given a reasonable opportunity to present additional pertinent material.

Therefore, the Motion is Dismiss is CONVERTED into a Motion for Summary Judgment and the parties are granted until June 18, 2010 to present any additional pertinent material.

The Court would point out, however, that it is clear that Plaintiff did not file this lawsuit within 60 days of the Appeal Council's decision: the decision was rendered on October 11, 2007 and this lawsuit was not filed until February 27, 2009. Plaintiff acknowledges that she received notice of the decision on October 15, 2007 but that she did not file suit because she apparently believed that the Appeals Council would take further action. Plaintiff does not explain how this belief would excuse her untimely civil suit. Plaintiff may be claiming that by asking for an extension of time to file suit, she was presumptively granted an extension of time to file suit. However, it is insufficient for Plaintiff to merely show that a request for an extension of time was made. *See Loyd*, 882 F.2d at 219. Moreover, this Court is not empowered to review a decision by the Agency to refuse to reopen Plaintiff's case. *Sse Bolden for Bolden v. Bowen*, 868 F.2d 916 (7th Cir. 1989). For these reasons, remand is not appropriate at this time.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendant (Doc. 6) is CONVERTED to a Motion for Summary Judgment and TAKEN UNDER ADVISEMENT and the Motion to Remand filed by Plaintiff (Doc. 8) is DENIED

4

WITHOUT PREJUDICE. The parties are granted leave to file any additional pertinent material by June 18, 2010.

Entered this <u>7th</u> day of June, 2010

_____s/ Joe B. McDade_____
JOE BILLY MCDADE
Senior United States District Judge
